UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHEMICKA WILLIAMS,  )
    Plaintiff,  )
          )  Civil Action No. 2:07CV603-MEF
v.  )
          )
          )  **JURY TRIAL DEMANDED**
TRANS UNION and  )
CMRE FINANCIAL SERVICES, INC.  )
          )
    Defendants.  )

*(Received 2007 JUN 29 A 9:37, DEBRA P. HACKETT, CLK, U.S. DISTRICT COURT, MIDDLE DISTRICT ALA)*

## COMPLAINT

### *JURISDICTION AND VENUE*

1. The jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681, and 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue is proper in the Middle District of Alabama as Plaintiff's claims arose from acts of Defendants perpetrated therein.

### PRELIMINARY STATEMENT

2. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and state of Alabama common law claims for negligence, breach of contract, and invasion of privacy (hereinafter "state claims").

## PARTIES

3. Plaintiff is a natural person and is a resident and citizen of Montgomery County, the State of Alabama and of the United States.

4. CMRE Financial Services, Inc., (hereinafter "CMRE") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and *Code of Alabama*, §40-12-80.

5. The principal purpose of CMRE is the collection of consumer debts through the mail and telephone.

6. CMRE is believed to be a corporation engaged in the business of collecting debts in the State of Alabama.

7. Trans Union is in the business of reporting consumer debts in the State of Alabama.

## FACTUAL ALLEGATIONS

8. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the defendants.

9. On or about March 29, 2007, CMRE contacted and proposed a settlement offer to Plaintiff for an outstanding debt.

10 Upon conclusion of the conversation between CMRE and Plaintiff regarding the settlement offer, CMRE told plaintiff that a payment in the amount of $352.80 would satisfy this outstanding debt in full.

11. On March 29, 2007, Plaintiff paid to CMRE $352.80 in accord with the settlement agreement.

12. CMRE assured Plaintiff that this debt would be reflected in her credit report as having

been paid in full without an outstanding balance.

13. Several months later, Plaintiff discovered Trans Union had reported this debt, which was settled by Plaintiff on March 29, 2007, as having an outstanding balance of $43.00.

14. Plaintiff made several attempts to communicate with CMRE to resolve this issue, however, CMRE refused and neglected to respond to Plaintiff.

15. Trans Union inaccurately reported a judgment on Plaintiff's credit report subsequent to the dismissal of Plaintiff's Chapter 13 Bankruptcy.

16. According to the rules governing Chapter 13 bankruptcy proceedings, Plaintiff does not owe the judgment reported in July of 2000.

17. Plaintiff filed disputes with Defendants regarding said credit report.

18. This judgment remains on Plaintiff's credit report and public records.

19. Plaintiff assumes that Defendants will continue to pursue this alleged debt and that the judgment entered will remain on her credit report and on public record. Plaintiff assumes Defendants will continue to violate the Fair Debt Collection Practices Act.

20. As a result of Defendants' acts, Plaintiff has suffered distress, headaches, embarrassment, and has been forced to hire the services of an attorney regarding this matter.

## COUNT I

### (VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA))

### CMRE

21. Plaintiff restates and reiterates herein all previous paragraphs.

22. Defendants' violations of the FDCPA include, but are not limited to, the following:

    a.) attempting to collect a debt which is not legally owed;

  b.) taking illegal actions against Plaintiff:

  c.) continuing to contact Plaintiff on this invalid debt;

  d.) failing to provide debtor instructions on validation process;

  e.) failing to provide validation of the debt; and,

  f.) reporting the invalid debt on Plaintiff's credit report.

23. As a result of the foregoing, Plaintiffs are entitled to declaratory judgment because of the Defendants' violations of the FDCPA and Defendants are liable to Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

 A. Declaratory judgment that Defendants' conduct violated the FDCPA;

 B. Compensatory and punitive damages;

 C. Statutory damages pursuant to 15 U.S.C. § 1692k;

 D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

 E. For such other and further relief as the Court may deem just and proper.

## COUNT II

### (NEGLIGENCE)

**CMRE and Trans Union**

24. Plaintiff restates and reiterates herein all previous paragraphs.

25. Defendants' acts, as described above, were done so negligently and without care or concern for the truth or accuracy of the matter asserted with disregard for the Plaintiff.

26. Defendants' acts were purposeful to illegally coerce Plaintiff to pay the alleged debt

without the full intent on behalf of CMRE to accurately report the alleged debt.

27. As a proximate consequence of Defendants' conduct, Plaintiff has been embarrassed, humiliated, and emotionally distressed.

28. As a proximate consequence of Defendant's conduct, Plaintiff has been denied credit and forced to postpone plans to purchase a house.

29. As a proximate consequence of Defendants' conduct, Plaintiff has been forced to hire an attorney, and has incurred expenses for loss of work.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

    A.    Punitive damages;

    B.    Compensatory damages; and,

    C.    For such other and further relief as the Court may deem just and proper.

## COUNT III

### (INVASION OF PRIVACY)

**CMRE and Trans Union**

30. Plaintiff restates and reiterates herein all previous paragraphs.

31. Defendants' acts, as described above, were done so negligently and without care or concern for the Plaintiff's privacy.

32. Defendants' acts were purposeful to unlawfully coerce Plaintiff to pay the alleged debt.

33. Defendants wrongfully exploited and coerced Plaintiff to enter into an agreement that Defendants had no intentions of honoring.

34. Furthermore, Defendants communicated without legitimate cause or purpose thereby

invading Plaintiff's privacy.

35. As the proximate consequence of Defendants' invasion of Plaintiff's privacy and false reporting, Plaintiff has suffered injuries and damages resulting from shame, humiliation, and embarrassment.

36. Plaintiff claims punitive damages from the Defendants because of the gross and oppressive nature of the Defendants' conduct.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A. Compensatory damages;

B. Punitive damages; and,

C. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this the 28th day of June, 2007.

/K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

**JURY TRIAL DEMANDED**