IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEMICKA WILLIAMS,<br>      Plaintiff | )<br>)<br>) |
| v. | )<br>)  CASE NO. 2:07-cv-00603-MEF-WC |
| TRANS UNION and<br>CMRE FINANCIAL SERVICES, INC.,<br>      Defendants | )<br>)<br>)<br>)<br>) |

## **DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS**

COMES NOW DEFENDANT TRANS UNION LLC ("Trans Union") and pursuant to Federal Rule of Civil Procedure 12(b)(6) moves this Court to dismiss this action. In support of its Motion, Trans Union would respectfully show this Court as follows.

**I.**

## **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

    **A.**    **Introduction and Factual Background**

1. In her Complaint, Plaintiff alleges in Count I that Defendant CMRE violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and in Count II and III alleges that Defendants CMRE and Trans Union committed state law negligence and invasion of privacy. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, specifically requesting a "declaratory judgment that Defendants' conduct violated the FDCPA." (Plaintiff's Complaint, Count One, Prayer for Relief, subpart A., see also ¶¶ 1 and 23.)

2. Plaintiff filed her Complaint against Trans Union alleging that Trans Union was negligent and invaded her privacy in attempting to collect a debt purportedly owed by Plaintiff and reporting on her Trans Union consumer report that a $43.00 balance

remained on the disputed account. (Plaintiff's Complaint ¶ 13). Plaintiff has failed to state a claim against Trans Union upon which relief can be granted and her Complaint should therefore be dismissed.

3. Trans Union is a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, et seq. *Cousin v. Trans Union*, 246 F.3d 359, 363 (5th Cir. 2001). As a consumer reporting agency, Trans Union's actions are governed by the FCRA.

4. Trans Union is entitled to dismissal because Plaintiff's claims that Trans Union was negligent and invaded her privacy are preempted by the FCRA. Additionally, Plaintiff's claim for declaratory judgment fails as a matter of law. Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), Trans Union moves for a dismissal of Plaintiff's Complaint for failure to state a claim on which relief can be granted.

### B. Argument and Authority

#### i. Plaintiff Fails to State a Claim Upon which Relief Can be Granted

5. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). A complaint failing to state a claim upon which relief can be granted must be dismissed. Fed. R. Civ. P. 12(b)(6). Thus, the question before this Court is whether the allegations in Plaintiff's Complaint, viewed in a light most favorable to Plaintiff, set out a cause of action which would entitle Plaintiff to relief if he is able to prove such allegations at trial. Here, Plaintiff's Complaint does not meet the standard as to <u>any</u> potential claim against Trans Union.

6. First, any claim against Trans Union for violation of the FDCPA would fail as a matter of law because the FDCPA only applies to debt collectors.[1] *Neff v. Capital Acquisitions & Mgmt. Co., 352 F.3d 1118, 1122* (7th Cir. 2003.) *Buckman v. American Bankers Ins. of Fla.*, 924 F. Supp. 1156, 1156 (S.D. Fla. 1986). Trans Union is a consumer reporting agency and not a debt collector as defined by the FDCPA and therefore Plaintiff's claim must fail as a matter of law.

7. Additionally, 15 U.S.C. § 1681h(e) of the FCRA provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence unless the plaintiff consumer proves 'malice or willful intent to injure' him." *Young v. Equifax Credit Info. Servs. Inc.*, 294 F.3d 631, 638 (5th Cir. 2002); *Thornton v. Equifax* 619 F.2d 700, 703 (8th Cir.) *cert. denied,* 449 U.S. 835, 666 F.2d 41, 101 S. Ct. 108 (1980). This qualified immunity does not apply to just those three causes of action but, applies to causes of action in the "nature of" those three. 15 U.S.C. § 1681h(e). Plaintiff has not even alleged that Trans Union acted maliciously or with willful intent to injure. Because the Plaintiff has alleged a claim which can only arise under the FCRA, her negligence and invasion of privacy claims are preempted by the FCRA and should be dismissed. *See McCloud v. Homeside Lending,* 309 F. Supp. 2d 1335 (N.D. Ala. 2004); *Carlson v. Trans Union LLC,* 261 F.Supp. 2d 663-65 (N.D. Tex. 2003); *see also Young,* 294 F.3d at 638.

### ii. Plaintiff's Claim for Declaratory Relief Fails as a Matter of Law

8. Private plaintiffs cannot seek injunctive relief, including declaratory judgments, under the FCRA. *See, Jones v. Sonic Automotive, Inc., et al.,* 391 F. Supp

---

[1] While Count One of Plaintiff's Complaint appears to be only alleging a claim for violation of the FDCPA against Defendant CMRE, out of an abundance of caution, Trans Union has addressed this claim because of Plaintiff's use of the term "Defendants" when she describes the alleged violations.

2d 1064, 1065 (N.D. Ala. 2005) (Plaintiff's claim for declaratory judgment dismissed as the court held that equitable relief is not available to private individuals under the FCRA); *Albert v. Trans Union Corp.*, 346 F.3d 734 (7th Cir. 2004); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy"); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's ("FTC") discretion to enforce the FCRA).

9.  Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for noncompliance with the FCRA. Neither section makes any mention of injunctive relief. Section 1681s(a) of the FCRA, however, does grant the power to obtain injunctive relief, but only to the FTC. *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act by the Federal Trade Commission"). The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a). If Congress had intended to give private plaintiffs the right to seek injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o. *Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.

10. Judge Davis of the Eastern District of Texas recently held that not only is injunctive relief not available under the FCRA, but it is not available at common law either because the FCRA preempts state law to the extent those laws are inconsistent with the FCRA. *Poulson v. Trans Union, LLC*, 370 F.Supp. 2d 592, 593 (E.D. Tex. 2005). Therefore, Plaintiff's claim for declaratory judgment against Trans Union fails as a matter of law and should be dismissed.

## II.
## CONCLUSION

For the reasons previously set forth, Plaintiff's Complaint should be dismissed because Plaintiff under Fed. R. Civ. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ *Kary Bryant Wolfe*

**KARY BRYANT WOLFE** (WOL016)
WALSTON WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)
**ATTORNEYS FOR TRANS UNION LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Keith Anderson Nelms
> andynelms@jaylewislaw.com
> The Law Office of Jay Lewis
> PO Box 5059
> Montgomery, AL 36103-5059
> 334-263-7733
> 334-832-4390  (Fax)
> ***Counsel for Plaintiff***

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> CMRE Financial Services, Inc.
> 3075 East Imperial Highway
> Suite 200
> Brea, CA 92821

/s/  *Kary Bryant Wolfe*
**OF COUNSEL**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEMICKA WILLIAMS,<br>    Plaintiff<br><br>v.<br><br>TRANS UNION and<br>CMRE FINANCIAL SERVICES, INC.,<br>    Defendants | )<br>)<br>)<br>)<br>)  CASE NO. 2:07-cv-00603-MEF-WC<br>)<br>)<br>)<br>) |

**ORDER GRANTING MOTION TO DISMISS**

This Court, having considered Defendant Trans Union LLC's Motion To Dismiss, finds that the Motion is well taken and should in all respects be GRANTED in entirety.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff's complaint is dismissed in its entirety with prejudice to the refiling of the same.

---

UNITED STATES DISTRICT JUDGE