UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEMICKA WILLIAMS,      )<br>    Plaintiff,      )<br>                              )<br>v.                            )<br>                              )<br>                              )<br>TRANS UNION.         )<br>                              )<br>    Defendants.   ) | Civil Action No.  2:07cv603<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

### *JURISDICTION AND VENUE*

1. The jurisdiction of this Court attains pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue is proper in the Middle District of Alabama as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### PRELIMINARY STATEMENT

2. Plaintiff brings this action for damages based upon the Defendant in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (hereinafter "FCRA"), and state of Alabama common law claims for negligence, breach of contract, and invasion of privacy (hereinafter "state claims").

### PARTIES

3.  Plaintiff is a natural person and is a resident and citizen of Montgomery County, the State of Alabama and of the United States.

4. Trans Union, LLC (hereinafter "Trans Union"), is a foreign limited liability company licensed to do business in the State of Alabama.

5. Trans Union is a consumer reporting agency, as defined in section 1681f of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

6. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the defendant.

7. Plaintiff has discovered Trans Union had reported a debt with CMRE, which was settled by Plaintiff on March 29, 2007, as having an outstanding balance of $43.00.

8. Trans Union inaccurately reported a judgment on Plaintiff's credit report subsequent to the dismissal of Plaintiff's Chapter 13 Bankruptcy.

9. According to the rules governing Chapter 13 bankruptcy proceedings, Plaintiff does not owe the judgment reported in July of 2000.

10. Plaintiff filed disputes with the Defendant regarding said credit report.

11. This judgment remains on Plaintiff's credit report and public records.

12. Plaintiff assumes that the Defendant will continue to pursue this alleged debt and that the judgment entered will remain on her credit report and on public record. Plaintiff assumes the Defendant will continue to violate the FCRA.

13. As a result of the Defendant's acts, Plaintiff has suffered distress, headaches, embarrassment, and has been forced to hire the services of an attorney regarding this matter.

## COUNT I

## (VIOLATIONS OF FCRA)

14. Plaintiff restates and reiterates herein all previous paragraphs.

15. In the entire course of its action, Defendant's willfully and/or negligently violated the provisions of the FCRA in the following respects:

a) by willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

b) by willfully and/or negligently failing to comport with FCRA section 1681i.

c) defaming Plaintiff by publishing to third parties false information regarding his creditworthiness;

d) invading the privacy of Plaintiff;

e) failing in its duty to prevent foreseeable injury to Plaintiff.

16. As a result of the foregoing, Plaintiffs are entitled to declaratory judgment because of the Defendant's violations of the FCRA and the Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A. Declaratory judgment that the Defendant's conduct violated the FCRA;

B. Compensatory and punitive damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees pursuant; and,

E. For such other and further relief as the Court may deem just and proper.

## COUNT II

**(NEGLIGENCE)**

17. Plaintiff restates and reiterates herein all previous paragraphs.

18. The Defendant's acts, as described above, were done so negligently and without care or concern for the truth or accuracy of the matter asserted with disregard for the Plaintiff.

19. The Defendant's acts were purposeful to illegally coerce Plaintiff to pay the alleged debt without the full intent on behalf of Trans Union to accurately report the alleged debt.

20. As a proximate consequence of the Defendant's conduct, Plaintiff has been embarrassed, humiliated, and emotionally distressed.

21. As a proximate consequence of the Defendant's conduct, Plaintiff has been denied credit and forced to postpone plans to purchase a house.

22. As a proximate consequence of the Defendant's conduct, Plaintiff has been forced to hire an attorney, and has incurred expenses for loss of work.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A. Punitive damages;

B. Compensatory damages; and,

C. For such other and further relief as the Court may deem just and proper.

**COUNT III**

**(INVASION OF PRIVACY)**

23. Plaintiff restates and reiterates herein all previous paragraphs.

24. The Defendant's acts, as described above, were done so negligently and without care or concern for the Plaintiff's privacy.

25. The Defendant's acts were purposeful to unlawfully coerce Plaintiff to pay the alleged

debt.

26. The Defendant wrongfully exploited and coerced Plaintiff to enter into an agreement that the Defendant had no intentions of honoring.

27. Furthermore, the Defendant communicated without legitimate cause or purpose thereby invading Plaintiff's privacy.

28. As the proximate consequence of the Defendant's invasion of Plaintiff's privacy and false reporting, Plaintiff has suffered injuries and damages resulting from shame, humiliation, and embarrassment.

29. Plaintiff claims punitive damages from the Defendant because of the gross and oppressive nature of the Defendants' conduct.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A. Compensatory damages;

B. Punitive damages; and,

C. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this the 8th day of August, 2007.

/s/ K. Anderson Nelms
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

Anderson Nelms and Associates, LLC
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

**JURY TRIAL DEMANDED**