IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEMICKA WILLIAMS,<br>    Plaintiff,<br><br>v.<br><br>TRANS UNION,<br>    Defendant. | )<br>)<br>)<br>) CASE NO. 2:07-cv-00603-MEF-WC<br>)<br>)<br>) |

### DEFENDANT TRANS UNION LLC'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Trans Union LLC ("Trans Union"), Defendant herein, and subject to its Partial Motion to Dismiss, files this its Answer and Defenses to Plaintiff's Amended Complaint ("Complaint") filed by the Plaintiff. The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible.

### JURISDICTION AND VENUE

1.   Trans Union denies the relief sought by Plaintiff in Paragraph 1 of the Complaint, but does not dispute that venue is appropriate in the Middle District of Alabama. Trans Union admits that the jurisdiction of this Court is appropriate.

### PRELIMINARY STATEMENT

2.   Trans Union admits Plaintiff filed this action under the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA") and state law. Trans Union denies any liability to Plaintiff and further denies that Plaintiff suffered damages as a result of Trans Union's credit reporting practices.

### PARTIES

3.   Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is licensed to do business in the State of Alabama.

5. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(f). Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union admits it is a national credit reporting agency.

## FACTUAL ALLEGATIONS

6. Trans Union denies the allegations contained in Paragraph 6 of the Complaint.

7. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. Trans Union denies the allegations contained in Paragraph 8 of the Complaint.

9. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Trans Union denies the allegations contained in Paragraph 11 of the Complaint.

12. Trans Union denies the allegations contained in Paragraph 12 of the Complaint. Answering further, Trans Union denies that it in any way pursues the collection of debts.

13. Trans Union denies that Plaintiff has suffered any damages as a result of Trans Union's actions.

## COUNT I
## (VIOLATIONS OF FCRA)

14. Trans Union restates and incorporates its responses to paragraphs 1 – 14.

15. Trans Union denies the allegations contained in Paragraph 15, including subparts a. through e., of the Complaint.

16. Trans Union denies the relief sought by Plaintiff in Paragraph 16 of the Complaint. Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph of Count I, including subparts A. through E., of the Complaint.

## COUNT II
## (NEGLIGENCE)

17. Trans Union restates and incorporates its responses to paragraphs 1 – 16.

18. Trans Union denies the allegations contained in Paragraph 18 of the Complaint.

19. Trans Union denies the allegations contained in Paragraph 19 of the Complaint.

20. Trans Union denies the allegations contained in Paragraph 20 of the Complaint.

21. Trans Union denies the allegations contained in Paragraph 21 of the Complaint.

22. Trans Union denies the allegations contained in Paragraph 22 of the Complaint.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph of Count II, including subparts A. through C., of the Complaint.

## COUNT III

## (INVASION OF PRIVACY)

23. Trans Union restates and incorporates its responses to paragraphs 1 – 22.

24. Trans Union denies the allegations contained in Paragraph 24 of the Complaint.

25. Trans Union denies the allegations contained in Paragraph 25 of the Complaint.

26. Trans Union denies the allegations contained in Paragraph 26 of the Complaint.

27. Trans Union denies the allegations contained in Paragraph 27 of the Complaint.

28. Trans Union denies the allegations contained in Paragraph 28 of the Complaint.

29. Trans Union denies the allegations contained in Paragraph 29 of the Complaint.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph of Count III, including subparts A. through C., of the Complaint.

## DEFENSES

30. Plaintiff has failed to state a claim against Trans Union upon which relief can be granted.

31. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

32. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

33. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

34. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

35. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

36. Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity granted by the Fair Credit Reporting Act.

37. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

38. Trans Union did not publish false or inaccurate information regarding Plaintiff.

39. Any statement made by Trans Union regarding Plaintiff was true or substantially true.

2279630.1/SP/83057/0563/082207

40. Plaintiff failed to mitigate her alleged damages.

41. At all relevant times, Trans Union has acted under the qualified immunity provided in the Fair Credit Reporting Act.

42. At all relevant times, Trans Union has acted under a qualified privilege provided in the common law.

43. To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

44. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or o of the FCRA in bad faith or for purposes of harassment.

45. Plaintiff's alleged injuries were proximately caused in whole or in part by the negligence of Plaintiff and liability should be reduced accordingly. Issues as to the percentage of each of their responsibility is requested to be submitted to the trier of the fact.

46. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

47. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superceding cause.

48. Plaintiff assumed the risk for any alleged damages he suffered.

49. Plaintiff's claims are barred by waiver, laches, and estoppel.

50. Plaintiff's claims for punitive damages are subject to the limitation and protections contained in Alabama Code §6-11-20; 6-11-21.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, and for such other and further relief as the court deems just.

Respectfully submitted,

/s/ *Kary Bryant Wolfe*
**KARY BRYANT WOLFE**  (WOL016)
WALSTON WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)
**ATTORNEY FOR TRANS UNION LLC**


## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
The Law Office of Jay Lewis
PO Box 5059
Montgomery, AL 36103-5059
334-263-7733
334-832-4390  (Fax)
andynelms@jaylewislaw.com
*Counsel for Plaintiff*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None at this Time.

/s/ *Kary Bryant Wolfe*
OF COUNSEL