IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEMICKA WILLIAMS, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>TRANS UNION, )<br>    Defendant. ) | CASE NO. 2:07-cv-00603-MEF-WC |

## DEFENDANT TRANS UNION LLC'S PARTIAL MOTION TO DISMISS

Trans Union LLC ("Trans Union"), Defendant herein, files this its Partial Motion to Dismiss, and pursuant to Federal Rule of Civil Procedure 12(b)(6) would show the Court as follows:

### I. Background

Plaintiff alleges that Defendants violated the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. Plaintiff brings claims against Trans Union, a consumer reporting agency, under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiff seeks declaratory relief, specifically requesting the Court enter "a declaratory judgment that the Defendant's conduct violated the FCRA." (Plaintiff's First Amended Complaint, paragraph 16 and subpart A. of the Prayer in Count One)

### II. Argument

This Court must dismiss Plaintiff's request for declaratory or injunctive relief as a private plaintiff cannot seek declaratory or injunctive relief under the FCRA. *See, Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the

Federal Trade Commission's ("FTC") discretion to enforce the FCRA); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("[T]his court agrees with *Washington* that Congress vested the power to obtain injunctive relief solely with the FTC [Federal Trade Commission]"); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy.")

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for noncompliance with the FCRA. Neither section makes any mention of declaratory or injunctive relief. Section 1681s(a) of the FCRA, however, does grant the power to obtain injunctive relief, but only to the FTC. See 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act by the Federal Trade Commission"). The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a). If Congress had intended to give private plaintiffs the right to seek declaratory or injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o. *Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285. Not only is declaratory or injunctive relief not available under the FCRA, but it is not available under common law either, because the FCRA preempts state law to the extent those laws are inconsistent with the FCRA. *Poulson v. Trans Union, LLC*, 370 F.Supp.2d 592, 593 (E.D. Tex 2005)

2279711.1/SP/83057/0563/082207

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Court should follow the lead of the other courts that have considered this issue and find that the FCRA does not afford the Plaintiff a right to declaratory or injunctive relief under the FCRA and dismiss Plaintiff's request for the same.

This 23rd day of August, 2007.

Respectfully submitted,

/s/ *Kary Bryant Wolfe*

**KARY BRYANT WOLFE**  (WOL016)
WALSTON WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)

**ATTORNEY FOR TRANS UNION LLC**

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
The Law Office of Jay Lewis
PO Box 5059
Montgomery, AL 36103-5059
334-263-7733
334-832-4390  (Fax)
andynelms@jaylewislaw.com
*Counsel for Plaintiff*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None at this time.

/s/ *Kary Bryant Wolfe*
**OF COUNSEL**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEMICKA WILLIAMS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TRANS UNION, )<br>    Defendant. ) | CASE NO. 2:07-cv-00603-MEF-WC |

## ORDER GRANTING PARTIAL MOTION TO DISMISS

This Court, having considered Defendant Trans Union LLC's Partial Motion To Dismiss, finds that the Motion is well taken and should in all respects be GRANTED in entirety.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff's request for declaratory relief is dismissed in its entirety with prejudice to the refiling of the same.

_____
WALLACE CAPEL, JR
UNITED STATES DISTRICT JUDGE